Argued and submitted September 20, reversed and remanded in part; otherwise
affirmed December 11, 1996

Ronald FONTANA,
*Appellant,*

*v.*

Thomas M. STEENSON
and Michael Schumann,
*Respondents,*

*and*

Alice D. ELLIS,
*Defendant.*

(9408-05767; CA A89770)

929 P2d 336

Jess M. Glaeser argued the cause for appellant. On the briefs were Ronald A. Fontana and Ronald A. Fontana, P.C.

Peter H. Glade argued the cause for respondents. On the brief were Michael Schumann and Steenson, Schumann, Tewksbury, Later & Rose, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff appeals from a summary judgment dismissing his claims for accountings of two partnerships and his claim for breach of contract. He argues that the trial court erred in concluding that defendants Steenson and Schumann[1] made a *prima facie* showing of the defense of laches and that there were no genuine issues of material fact pertaining to that defense. ORCP 47. We affirm in part and reverse in part.

This case involves two successive partnerships, one consisting of plaintiff and all three defendants, Steenson, Schumann, and Ellis (Partnership A), and one formed after the dissolution of Partnership A, consisting of plaintiff and defendants Steenson and Schumann (Partnership B). Partnership A existed from 1985 until Ellis withdrew from it sometime in 1987. Partnership B was formed after Ellis's departure and lasted until August 22, 1988, when plaintiff withdrew. According to plaintiff, he withdrew from Partnership B, in part, because Steenson and Schumann had taken excessive draws from the partnership account in contravention of a partnership agreement. At the time of his withdrawal, plaintiff demanded an accounting of Partnership B, and, although the parties engaged in some efforts to prepare a plan to distribute partnership assets, they never finalized either the plan or an accounting of Partnership B, nor was there ever an accounting of Partnership A.

On August 19, 1994, plaintiff filed a complaint, making claims for termination, winding up, and accounting of both partnerships, and a claim for breach of contract. Defendants answered, asserting the defense of laches. Defendants thereafter moved for summary judgment on all of plaintiff's claims, which the trial court granted. In so holding, the court determined that: (1) the defense of laches applied to the accounting claims for *both* partnerships; (2) there were no

---

[1] A third partner, Ellis, was also named as a defendant. She successfully asserted as an affirmative defense that plaintiff's claims against her were "barred by a discharge in bankruptcy." Plaintiff does not dispute that discharge, and Ellis is not a party to this appeal. Except as specifically noted, "defendants" refers to Steenson and Schumann.

genuine issues of material fact as to the laches defense; and (3) therefore defendants were entitled to summary judgment on the accounting claims. The trial court also found that, absent an accounting of each partnership, plaintiff, as a matter of law, could not prevail on his breach of contract claim.

■■ On appeal, plaintiff argues that there were genuine issues of material fact as to whether defendants should prevail on their laches defense. In determining whether there were unresolved factual issues material to that defense, we consider first what is necessary to prove laches.

> "In order to prevail on [their] defense of laches, defendant[s] must [be able] to establish the following three elements: (1) plaintiff[ ] delayed asserting [his] claim for an unreasonable length of time, (2) with full knowledge of all relevant facts (and laches does not start to run until such knowledge is shown to exist), (3) resulting in such substantial prejudice to defendant[s] that it would be inequitable for the court to grant relief." *Mattson v. Commercial Credit Business Loans*, 301 Or 407, 419, 723 P2d 996 (1986).

In determining what is an unreasonable length of time, the courts look to the analogous statutes of limitations, *id.* at 420; in this case, the parties agree that the analogous statute of limitations is the six-year time limit for breach of contract claims. ORS 12.080(1). If the action is commenced after the expiration of the analogous statute of limitations, the plaintiff must prove the absence of laches. *Rise v. Steckel*, 59 Or App 675, 684, 652 P2d 364, *rev den* 294 Or 212 (1982). In other words, there is a rebuttable presumption that the elements of laches have been sufficiently proven.

■ In this case, the trial court found, and we agree, that, because the evidence indicates that Partnership A dissolved sometime in 1987, the rebuttable presumption of laches applies against plaintiff. In *Fredericks v. Universal Underwriters Ins. Co.*, 140 Or App 269, 280-81, 915 P2d 472 (1996), we explained that

> "[i]f the moving party bears the burden of persuasion at trial, it must offer evidence that would entitle it to a directed verdict at trial if uncontroverted. Such an affirmative showing shifts the burden of production to the party

opposing the motion and requires that party to offer evidence and demonstrate a triable issue of fact."[2]

Thus, in this case, defendants needed only to offer uncontroverted evidence of the date of the partnership's dissolution in order to make a *prima facie* showing of laches as to plaintiff's accounting claim on Partnership A. Plaintiff offered no evidence to contradict that presumption, and therefore, there were no genuine issues of material fact regarding defendants' laches defense as to Partnership A. The trial court did not err in granting summary judgment on the accounting claim for Partnership A.

■ Conversely, because plaintiff filed his action against Partnership B within the six-year statute of limitations, a different analysis applies with respect to the accounting claim pertaining to Partnership B. In such a case, the defendant does not enjoy the benefit of a rebuttable presumption. Instead, the defendant has the burden of proving each element of laches. *Fischl v. Aust*, 279 Or 181, 187, 566 P2d 518 (1977). Thus, in this case, defendants—who, again, had the ultimate burden of persuasion on their laches defense— would be entitled to summary judgment only if their evidentiary submissions established a *prima facie* case of laches, and if there were no material factual disputes regarding that *prima facie* case.

The parties' dispute as to Partnership B centers on the third laches element, *i.e.*, whether plaintiff's delay resulted "in such substantial prejudice to defendant[s] that it would be inequitable" for the court to grant plaintiff relief. *Mattson*, 301 Or at 419. To establish that element, defendants proffered the following averments by Schumann:

---

[2] In *Fredericks*, we explained our holding in *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243, *rev allowed* 323 Or 483 (1996), which interpreted ORCP 47 C, as amended by Or Laws 1995, ch 618, § 5. In *Jones*, we held that the amended version of ORCP 47 C "federalized" summary judgment. Plaintiff acknowledges that the amended version applies to this case, but argues that, as a result, "the goal posts have changed" because the trial court granted summary judgment under *former* ORCP 47 C. We disagree. Given plaintiff's failure to rebut the presumption of laches, defendants were entitled to summary judgment under either the former or the present version of ORCP 47 C. Accordingly, even if the "goal posts" have been moved, that movement was immaterial in this case.

> "In response to this action and plaintiff's request for production, I have searched for records relating to both partnerships. I have been unable to assemble a complete record of the financial dealings of the partnerships. After all these years, many records have been misplaced or lost. Bank account records for the relevant period are incomplete, and records of accounts receivable and payable are practically non-existent. As a result, based on the documents and information available to me, we can not reconstruct a complete financial record of the partnerships, including payment of partnership obligations and realization of partnership assets following dissolution.

> "In addition, memories have faded, and where documents are absent, it is very difficult to reconstruct from memory events and transactions occurring more than nine years ago."

Defendants assert that those averments were sufficient to meet a *prima facie* showing that plaintiff's delay had caused them substantial prejudice, in that they could no longer locate the necessary records for an accounting. We disagree.

■　As a general matter, a defendant may prove the third element of laches by showing that a plaintiff's delay caused the loss of critical documentary evidence. *Rise*, 59 Or App at 685. Plaintiff argues, however, that Schumann's statements do not show that plaintiff's delay in bringing the law suit *caused* the loss of records. Schumann's affidavit simply states that "after all these years," various documents are no longer available. The affidavit does not distinguish between records pertaining to Partnership A and Partnership B. It does not attempt to relate at what point the records pertaining to Partnership B were lost or why they were lost. For example, one cannot determine from the affidavit whether the critical records may have been lost for reasons unrelated to plaintiff's delay (*e.g.*, a fire or flood in the first few years after Partnership B dissolved) or whether that loss flowed from reasons directly related to the delay (*e.g.*, routine and automatic destruction of documents pursuant to a schedule prescribed by firm policy). Without some amplification, without some degree of "causative detail" in the record, defendant's submissions, and particularly the Schumann affidavit, were insufficient to make a *prima facie* showing that plaintiff's delay

resulted "in such substantial prejudice to defendant that it would be inequitable" for the court to grant plaintiff relief. *Mattson*, 301 Or at 419.

We thus conclude that defendants did not make a sufficient *prima facie* showing of laches on the accounting claim pertaining to Partnership B. Consequently, the trial court erred in granting summary judgment on that claim.

Because of our disposition on the accounting claim as to Partnership B, and because there are material issues of fact as to whether plaintiff's breach of contract claim pertained to actions occurring during Partnership B, as well as during Partnership A, we must also reverse the dismissal of plaintiff's breach of contract claim.

Reversed and remanded as to plaintiff's accounting claim regarding Partnership B and plaintiff's breach of contract claim; otherwise affirmed.